**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **Alvaro Cazares** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | No. 04 C 5976 |
| v. ) | |
| ) | HONORABLE DAVID H. COAR |
| **Chicago Magnesium Casting Company, Inc.** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

On September 13, 2004, Alvaro Cazares ("Plaintiff" or "Cazares") filed suit against his former employer, Chicago Magnesium Casting Company ("Defendant" or "CMCC") alleging that he was subject to discrimination on the basis of his disability and was wrongfully terminated for filing a prior discrimination complaint. Cazares brings this action under Title VII of the Civil Rights Act of 1964, *42 U.S.C. §2000e, et seq,* and under the American with Disabilities Act ("ADA"), *42 U.S.C. §12101 et seq.* On January 31, 2005, Defendant filed its motion to dismiss. This motion has been fully briefed.

Factual and Procedural Background[1]

Beginning in November 1999 and continuing until December 12, 2001, Plaintiff suffered from severe back pain which prevented him from performing all of the duties stemming from his employment as a "melter" for Defendant. Then, on or about February 12, 2001, Plaintiff

---

[1] The facts in this portion of the opinion are all taken from Plaintiff's complaint. As noted later in this opinion, Defendant has submitted additional facts that relate to its res judicata affirmative defense. Those facts are all related to the state court proceeding *Cazeres (sic) v. Illinois Dept. of Human Rights*, No. 1-04-1421, at 5 (Ill. App. Ct. Dec. 22, 2004)

underwent surgery for a hernia injury. He was assigned to light housekeeping duties for the six weeks following the surgery. Defendant termed him a "molder helper" and reduced his hourly pay starting February 12, 2001. After six weeks, Plaintiff's treating physician for the hernia surgery gave him permission to return to regular duties. He remained on light duty, however, because of his pre-existing severe back pain.

Eventually, as a result of Plaintiff's inability to do more than light duty work, Defendant changed Plaintiff's job title and position from that of melter to that of airset core/mold maker. Then, on December 12, 2001, Defendant demanded that Plaintiff resume work as a melter. Plaintiff refused to do so because of his back pain. The next day, Defendant fired Plaintiff, alleging that his refusal to perform the regular melter duties was tantamount to insubordination and misconduct.

On or about December 13, 2001, Plaintiff filed charges against Defendant with the Illinois Department of Human Rights. First, he alleged that by denying his request for "light duty," CMCC failed to accommodate his physical handicap, a back disorder. Second, he alleged that CMCC indefinitely suspended him due to his physical handicap. Third, he alleged that CMCC indefinitely suspended him in retaliation for filing his previous discrimination complaint.

Those charges were cross-filed with the United States Equal Employment Opportunity Commission (the "E.E.O.C") on December 20, 2001. The E.E.O.C. issued a right-to-sue letter on June 15, 2004.

## Discussion

In its motion, Defendant moves to dismiss because Cazares' ADA claims are barred by res judicata. As support, it attaches a state court judgment to its 12(b)(6) pleadings.

Res judicata is an affirmative defense. Fed.R.Civ.P. 8(c). The Seventh Circuit has recently noted that there is a distinction between failing to raise a claim–the basis for a successful 12(b)(6) motion–and failing to overcome an affirmative defense. *See, e.g., Xechem, Inc. v. Bristol-Myers Squibb Co.,* 372 F.3d 899, 901 (7th Cir. 2004)(citations omitted)("Orders under Rule 12(b)(6) are not appropriate responses to the invocation of defenses, for plaintiffs need not anticipate and attempt to plead around all potential defenses. Complaints need not contain *any* information about defenses and may not be dismissed for that omission.") Moreover, the Seventh Circuit has noted that when a court decides to grant a motion to dismiss on the basis of an affirmative defense, "[a]ppropriate caution in its exercise is assured by the requirement that the validity of the defense be both apparent from the complaint itself...and unmistakable, so that the suit is fairly describable as frivolous. *Walker v. Thompson,* 288 F.3d 1005, 1010 (7th Cir. 2002)(citations omitted).

On the face of Plaintiff's complaint, it is clear that he initiated a state administrative proceeding by filing his case with Illinois Department of Human Rights (the "IDHR"). It does not necessarily follow based on those facts that Plaintiff then took his case to Illinois state court, that the state court issued a judgment that had preclusive effect against the claims asserted in his federal action, and that the state proceedings satisfied minimum due process requirements.

Defendant, however, contends that there is much more to the story than Plaintiff has revealed in his complaint. Defendant points to a summary order from an Illinois Appellate Court, *Cazeres (sic) v. Illinois Dept. of Human Rights*, No. 1-04-1421, at 5 (Ill. App. Ct. Dec. 22, 2004), that it claims has preclusive effect. Given that an affirmative defense is more appropriately raised on a motion for summary judgment and that Defendant raises a matter

outside the pleadings in its motion, this Court hereby converts Defendant's motion to dismiss into a motion for summary judgment.[2]

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Pro. 56(c); *see also Schmidt v. Ottawa Medical Center, P.C.*, 322 F.3d 461, 463 (7th Cir. 2003). When evaluating a motion for summary judgment, this Court views the evidence in the light most favorable to the non-moving party and makes all reasonable inferences in her favor. *Haywood v. Lucent Technologies*, 323 F.3d 524, 529 (7th Cir. 2003).

A court ruling on a converted motion must be certain that all parties had "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *General Electric Capital Corp. v. Lease Resolution,* 128 F.3d 1074, 1080 (7th Cir. 1997). The Advisory Committee Notes to Rule 12(b)(6) clarify that reason for such notice is so that parties are not taken by surprise. Plaintiff's response to Defendant's motion certainly indicates that he is not surprised by mention of the issue of the state court judgment: rather than objecting to the inclusion of the judgment as a part of the motion to dismiss or raising any factual issues

---

[2] Some court have opted to take judicial notice of public records and thereby refrain from converting a motion to dismiss into a motion for summary judgment. See, e.g., *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994). Other cases, however, support the conversion even when public records are involved. *See, e.g., D & K Properties Crystal Lake v. Mutual Life Ins. Co. of New York*, 112 F.3d 257, 259 (7th Cir. 1997). Given the Seventh Circuit's more recent case law stating a plaintiff need not anticipate an affirmative defense, this Court hesitates to take public records into account on a motion to dismiss. This is not to say that a Defendant confronted with an issue precluded on res judicata grounds has no respite– it can, after all, file a motion for summary judgment. A reviewing court may also convert a motion to dismiss into a motion for summary judgment.

connected to the judgment, he devotes a significant amount of his response to offering legal explanations for why, state court decision notwithstanding, res judicata does not bar his suit. Plaintiff's response does not even hint at the possibility of any other material facts that would be pertinent to the res judicata argument raised by Defendant. Instead, he argues that this Court is not, as a matter of law, precluded from deciding his claim. Given that no dispute of material facts exists, this Court will decide the legal issues in this case.[3]

This Court applies Illinois law when determining whether res judicata bars suit. *See 4901 Corporation v. Town of Cicero,* 220 F.3d 522, 529 (7th Cir.2000) (citations omitted)("Because an Illinois state court rendered the [first] order at issue, we must apply Illinois law to determine whether res judicata bars [subsequent federal] claims ... we must give the [state order] the res judicata effect an Illinois court would give it."). "The doctrine of res judicata provides that a final judgment, rendered on the merits by a court of competent jurisdiction, is an absolute bar to a subsequent action involving the same claim, demand or cause of action between the parties." *Saxon Mortgage, Inc. v. United Financial Mortgage Corporation*, 728 N.E.2d 537, 542 (Ill.App.Ct. 2000) (citing *River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 889 (Ill.1998)). The three elements res judicata are: "(1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) an identity of cause of action; and (3) an identity of parties or their privies." *Saxon Mortgage*, 728 N.E.2d at 542 (quoting *People ex rel. Burris v. Progressive Land Developers, Inc.*, 602 N.E.2d 820, 824-25 (Ill.1992)).

---

[3]At this juncture, this Court concludes it would be inefficient to refrain from deciding the legal issues: indeed, Plaintiff urges the Court to decide the issue by briefing it rather than responding with the procedural argument that res judicata is an affirmative defense that should not be determined on a motion to dismiss or contesting any facts. There does not appear to be any fact that could alter the res judicata analysis.

The parties do not dispute the second and third elements of res judicata-both parties agree that there is an identity of the cause of action and parties. Therefore, the Court will address whether there was a final adjudication on the merits in state court.

Cazares contends that the Illinois Appellate Court's decision was not a final judgment on the merits. He argues that since the Illinois Appellate Court was deferential to the Chief Legal Counsel's decision, it did not address the merits of his discrimination claim. That argument is without merit. Although the Illinois Appellate Court was deferential to the Chief Legal Counsel's decision, it did review the evidence available to the Chief Legal Counsel that led to the finding that there was a lack of substantial evidence. The court reviewed the evidence to determine that the Chief Legal Counsel's decision was neither arbitrary, capricious nor an abuse of discretion. This Court will not hold that such a review is insufficient and essentially the equivalent of no review, as Plaintiff suggests.

Cazares also argues that the Illinois Appellate Court's decision was not a final judgment on the merits because it referred to procedural mistakes he committed when submitting his briefs. As support, he cites *Brye v. Brakebush* for the proposition that res judicata does not apply when cases are dismissed as a result of "procedural flaws in the litigants' petitions that have little or nothing to do with the actual merits of their claims." *See Brye v. Brakebush,* 32 F.3d 1179, 1182 (7th Cir. 1994). While Brye did prevail in his case, he did so because the Seventh Circuit determined that the Wisconsin courts would not have given the state court dismissal of his case preclusive effect. *See id.* at 1184. In contrast, Illinois courts would have given the state court judgment in this case preclusive effect.

Illinois Supreme Court Rule 273 provides, "Unless the order or dismissal or a statue of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." Illinois law recognizes a final judgment to be "a determination by the court on the issues presented by the pleadings which ascertains and fixes absolutely the rights of the parties in the lawsuit." *Puglisi v. Hansford*, 550 N.E.2d 618, 622 (Ill. App. Ct. 1990)(citing *Flores v. Dugan,* 435 N.E.2d 480 (Ill. 1982))

While it is true that the Illinois Appellate Court noted the procedural flaws with Cazares' brief, those flaws were not the basis of its decision. Instead, the Illinois Appellate Court expressly stated that it would "discuss the merits of the case," *Cazeres (sic)*, No. 1-04-1421, at 3. The Illinois Appellate Court's decision assessed the rights of the parties, and affirmed the IDHR's Chief Legal Counsel's dismissal for lack of substantial evidence to support Cazares' allegations. The Illinois Appellate Court's decision is a final judgment on the merits, and would be entitled to preclusive effect by Illinois courts.

Plaintiff also alleges that even if the requirements for res judicata under Illinois law are met, he was denied full and fair opportunity to litigate his claim such that he was deprived of due process. In line with 28 U.S.C. §1738, this Court will give full faith and credit to a state court judgment, provided there is no statutory impetus for refusing to do so, as long as the state has provided the plaintiff with a full and fair opportunity to litigate her case on the merits such that there is no due process violation. *See Kremer v. Chemical Construction Corp.*, 456 U.S. 461 (1982).

Cazares maintains that he did not have a full and fair opportunity to litigate, and therefore is not barred by res judicata. He argues that he was denied due process protections because "[h]e was never provided an administrative hearing, never allowed to present testimony, subpoena witnesses, or challenge by cross-examination or through discovery the defendant's allegations."

While parties are entitled to have a full and fair opportunity to litigate their claims, a full evidentiary hearing is not required in order to satisfy the requirement of a full and fair opportunity to litigate. Rather, "state proceedings need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause in order to qualify for the full faith and credit guaranteed by federal law." *Kremer*, 456 U.S. at 481.

Although Plaintiff did not receive a hearing when the IDHR reviewed his complaint, the IDHR did follow a set of procedures almost identical to those found adequate in *Kremer*. *See id.* at 483. The IDHR conducted a full investigation of the allegations set forth in his charge, and an investigator submitted a written report to the IDHR director. Based on the report, the Director determined that there was "no substantial evidence" that a civil rights violation had been committed. He dismissed the charge, and the IDHR's chief legal counsel affirmed that dismissal. At that point, Plaintiff was free to file a petition for review with the Illinois Appellate Court, which he did. The IDHR investigation, in conjunction with administrative and judicial review, satisfies the procedural requirements of due process and offers a full and fair opportunity to litigate. *See also Luckett v. Jett*, 966 F.2d 209 (1992), *cert denied*, 113 S.Ct. 1287 (1993)( procedures followed by the IDHR are not constitutionally defective.).

Defendant also argue that Plaintiff is precluded from arguing that he could perform the essential functions of his job. Given that Cazares is precluded from bringing his claim, this Court need not review whether he is considered a qualified individual under the ADA.

**Conclusion**

For the foregoing reasons, Defendant's motion to dismiss [#3] is hereby converted into a motion for summary judgment and is GRANTED. Motion terminated. Summary judgment is entered in favor of Chicago Magnesium Casting Co., Inc. and against Alvaro Cazares. Pending motion #15 is DENIED as MOOT. Any and all other pending motions are MOOT and TERMINATED. This case is CLOSED.

**Enter:**

 /s/ **David H. Coar**
**David H. Coar**
**United States District Judge**

**Dated: 9/30/2005**